2. The complaint does not sufficiently state a separate cause of action to recover possession of real property. It appears from the contract of sale which is made a part of the complaint, that the legal title to the premises is in a third party, and it does not appear that plaintiff is entitled to a deed thereof. The vendee in possession is, therefore, not estopped to dispute the plaintiff's title. Ejectment will not lie when based on a purely equitable title.

3. The complaint does not sufficiently state a cause of action for the purpose of enforcing plaintiff's equitable rights by foreclosure. No offer to convey is made in the complaint. (*Freeson* v. *Bissell*, 63 N. Y. 168; *Ewing* v. *Wightman, supra.*) While the specific objection was not made on the trial, it is evident that the objection could not have been obviated by an amendment of the complaint to meet the difficulty. But on a new trial it may be that plaintiff will be in a position to allege and prove such an offer.

4. The judgment of the Special Term was not in proper form. Plaintiff's equitable rights would be enforced by a sale of defendants' equitable interest in the lands and property, not by a sale of the contract of sale. But the complaint should not have been dismissed for insufficiency.

The judgment should be modified by granting a new trial and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WENDELL T. BUSH, Appellant, *v.* JOHN F. GILCHRIST et al., Constituting the State Tax Commission of the State of New York, Respondents.

*Tax — income tax — when deduction for loss through taking of real property by government for war purposes properly disallowed.*

*Matter of Bush* v. *Law,* 206 App. Div. 800, affirmed.

(Argued November 24, 1924; decided May 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

March 28, 1924, which confirmed, on certiorari, a determination of the State Tax Commission disallowing a deduction for alleged loss and assessing the relator under the Income Tax Law (L. 1919, ch. 627). Real property owned by relator was seized by the government for war purposes in 1918. In 1919 an award was made in excess of the original cost to relator but less than the appraised value of the property. Relator claimed a deduction in his income tax return for 1919 for the difference between the appraised value and the amount received. The Tax Commission contended that the determination was proper for two reasons: *First,* that the loss claimed by relator was not a loss sustained within the meaning of the taxing act, being article 16 of the Tax Law of New York State; and, *second,* that if there was any loss it occurred in 1918 and prior to the inception of the said law, and, therefore, was not a proper deduction from income accruing subsequent to that date.

*Jackson A. Dykman* and *Arthur E. Goddard* for appellant.

*Carl Sherman,* Attorney-General (*William D. Morrow* of counsel), for respondents.

*Sanford Robinson, amicus curiæ.*

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

SIGMUND KRAUTER, Respondent, *v.* PACIFIC TRADING CORPORATION OF AMERICA, INC., Appellant.

*Arbitration — vacation of arbitration agreement, award and judgment entered thereon on ground of fraud.*

*Krauter* v. *Pacific Trading Corpn. of America,* 208 App. Div. 802, affirmed.

(Argued January 26, 1925; re-argument ordered February 25, 1925; re-argued April 6, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial